IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PEERS HOLDINGS LTD,<br>　　　Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL NO. 1:21-CV-261-RP |
| SCHINDLER ELEVATOR<br>CORPORATION,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**DEFENDANT SCHINDLER ELEVATOR CORPORATION'S ORIGINAL ANSWER
AND COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW, Defendant SCHINDLER ELEVATOR CORPORATION ("Schindler" or "Defendant") in the above-entitled and numbered cause, and files this its Original Answer in response to Plaintiff's Original Petition ("Petition"), and asserts defenses as follows:

　　1.　　Schindler asserts that Paragraph 1 of the Petition concerning the Discovery Control Plan Level under the Texas Rules of Civil Procedure is irrelevant inasmuch as the case has been properly removed to the United States District Court for the Western District of Texas.

　　2.　　Schindler admits that Plaintiff is a Texas Corporation, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Petition.

　　3.　　Schindler admits the allegations of Paragraph 3 of the Petition.

　　4.　　To the extent that Plaintiff has properly stated a claim for relief, Schindler admits the allegations of Paragraph 4 of the Petition.

　　5.　　To the extent that Plaintiff has properly stated a claim for relief, Schindler admits the allegations of Paragraph 5 of the Petition.

6. Schindler admits that in Paragraph 6 of the Petition Plaintiff has alleged it seeks monetary relief over $200,000 but not more than $1,000,000, but Schindler denies that Plaintiff is entitled to monetary relief in any amount.

7. Schindler asserts that Paragraph 7 of the Petition concerning the Jurisdiction and Venue in Travis County District Court under the Texas Rules of Civil Procedure is irrelevant inasmuch as the case has been properly removed to the United States District Court for the Western District of Texas.

8. Schindler admits the allegations of Paragraph 8 of the Petition.

9. Schindler admits the allegation that the term "propriety" was used in discussions regarding the contract. Schindler denies the remainder of the allegations as set forth in Paragraph 9 of the Petition.

10. Schindler denies that Adams is a subsidiary of Schindler, but admits that Adams is affiliated with Schindler. Schindler denies the remainder of the allegations as set forth in Paragraph 10 of the Petition.

11. Schindler denies the allegations as set forth in Paragraph 11 of the Petition.

12. In response to Paragraph 12 of the Petition Schindler incorporates by reference its answer to Paragraphs 1 through 11 of the Petition.

13. Schindler denies the allegations as set forth in Paragraph 13 of the Petition.

14. Schindler denies the allegations as set forth in Paragraph 14 of the Petition.

15. Schindler lacks sufficient knowledge or information to form a belief as to the truth of the allegations as set forth in Paragraph 15 of the Petition.

16. Schindler denies the allegations as set forth in Paragraph 16 of the Petition.

17. In response to Paragraph 17 of the Petition Schindler incorporates by reference its answer to Paragraphs 1 through 16 of the Petition.

18. In response Paragraph 18 of the Petition, Schindler admits it entered into a maintenance contract with Plaintiff. Schindler denies the remainder of the allegations as set forth in Paragraph 18 of the Petition.

19. Schindler denies the allegations as set forth in Paragraph 19 of the Petition.

20. Schindler denies the allegations as set forth in Paragraph 20 of the Petition.

21. In response to Paragraph 21 of the Petition Schindler incorporates by reference its answers to Paragraphs 1 through 20 of the Petition.

22. Schindler denies the allegations as set forth in Paragraph 22 of the Petition.

23. Schindler denies the allegations as set forth in Paragraph 23 of the Petition.

24. Schindler denies the allegations as set forth in Paragraph 24 of the Petition.

25. Schindler denies the allegations as set forth in Paragraph 25 of the Petition.

26. Schindler denies the allegations as set forth in Paragraph 26 of the Petition.

27. Schindler denies the allegations as set forth in Paragraph 27 of the Petition.

## **AFFIRMATIVE DEFENSES**

28. Plaintiff's claims contained within the Petition fail to state a claim upon which relief may be granted against Schindler.

29. Schindler hereby pleads the doctrine of comparative fault and/or proportionate responsibility under Chapter 33 of the Texas Civil Practices & Remedies Code as a complete bar to any recovery in tort by Plaintiff herein or partial diminution thereof.

30. Schindler denies that it committed any act or omission that was a cause, in whole or in part, of any of the injuries or damages, if any, to Plaintiff. However, in the event that any other individual or entity reaches a settlement with Plaintiff, then Schindler asserts its right, pursuant to §§ 32 and 33 of the Texas Civil Practice and Remedies Code, with regard to any

contribution and/or settlement election and/or reduction in judgment to which Schindler would be entitled.

31. Plaintiff's claims are barred in whole or in part because the actions and/or inactions, if any, of Schindler were not the proximate cause of Plaintiff's injuries and/or damages, if any.

32. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries and/or damages, if any, were the result of a new and/or intervening independent cause.

33. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

34. Plaintiff's claim for attorney fees is barred by Plaintiff's failure to properly present the claim as required by Section 38.001, *et seq.* the Texas Civil Practice and Remedies Code.

35. Plaintiff's claims are barred in whole or in part by the parol evidence rule and the contractual provisions which expressly abrogate reliance on any previous oral or written communications.

36. Any claim for indirect or consequential damages are barred in whole or in part by the express terms of the contract.

37. Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver and/or estoppel.

38. WHEREFORE, Defendant Schindler Elevator Corporation respectfully requests that Plaintiff take nothing by its Petition and that Defendant recover its costs of court and all other relief to which it is justly entitled.

## JURY DEMAND

39. Defendant Schindler respectfully request that this matter be presented for trial before a jury.

## COUNTERCLAIM

40. Comes Schindler Elevator Corporation ("Schindler") as Counter-Plaintiff complaining of Peers Holding, Ltd. ("Peers Holding") as follows:

### A. Jurisdiction

41. Schindler's claim is a compulsory counterclaim pursuant to Fed.R.Civ.P. 13 and this Court has supplemental jurisdiction of the claim.

### B. Claim for Relief

42. On or about April 18, 2018 Counter-defendant Peers Holdings and Schindler entered into an Elevator Modernization Proposal whereby Peers Holdings retained Schindler to provide certain service and equipment to modernize the elevator for a property known as The Grand Peers Hotel. The work was completed and Peers Holdings accepted the elevator on or about September 13, 2018. Thereafter Peers Holdings entered into a maintenance agreement by which Schindler was to provide certain maintenance services for the elevator.

43. The maintenance agreement provided for payment of the services on a semi-annually billing. On or about September 1, 2020 there was due and owing to Schindler the payment of $1,479.45 under the maintenance agreement. That payment remains due and owing to Schindler. An additionally payment of $1,596.34 was due and owing as of March 1, 2021. That payment remains due and owing.

44. Schindler files the suit for payment on account and breach of contract for the recovery of the outstanding payments in the amount of $3,075.29. Additionally, Schindler seeks

recovery of prejudgment interest and attorney fees as provided by Tex. Civ. Prac. & Rem. Code §38.001.

## PRAYER FOR RELIEF

Wherefore, Counter-Plaintiff Schindler Elevator Corporation respectfully requests that the Court enter judgment against Counter-Defendant Peers Holdings, Ltd. For the following:

a. Compensatory damages;

b. Pre-judgment and Post-Judgment interest at the highest rate allowed by law;

c. Reasonable and necessary attorney fees;

d. Costs of Counsel; and

e. Such other and future relief whether in law or equally to which it may be entitled.

Respectfully submitted,

**BELLINGER & SUBERG, L.L.P.**

By:  /s/ Barbara L. Emerson
BARBARA L. EMERSON
Texas State Bar No. 06599400
LINDSEY C. CUMMINGS
State Bar No. 05226900
12221 Merit Drive, Suite 1750
Dallas, Texas 75251
Telephone:  214/954-9540
Facsimile:  214/954-9541
bemerson@bellingersuberg.com

**ATTORNEY FOR DEFENDANT
SCHINDLER ELEVATOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served this 26th day of March, 2021, through the Court's Notice of Electronic Filing, via email and First Class US Mail to counsel of record, as follows:

Leigh K.Freeman,attorney at law
2002 Timberloch Pl., Suite 200
The Woodlands, TX 77380
leigh@lkfreemanlaw.com

    /s/ Barbara L. Emerson
Barbara L. Emerson